No. 4073.—STATE ex rel. G. DE FERIET and J. G. MONROSE, Executors, v. THE JUDGE OF THE SECOND DISTRICT COURT, PARISH OF ORLEANS.

A mandamus will be granted from the Supreme Court directing the judge of the district court to grant an appeal from a judgment on a rule authorizing an execution to issue against executors for a certain amount, if it be shown that the rule was made absolute, and an execution issued thereon for a larger amount than the judgment creditor was authorized to demand of them.

APPLICATION for a Writ of Mandamus.   *G. Duplantier*, for relators. *Duvigneaud*, J., respondent.

HOWELL, J.   The relators ask for a mandamus to compel the Judge of the Second District Court for the parish of Orleans to grant them a suspensive appeal from a judgment on a rule authorizing an execution against them for three thousand and fifty-one dollars and ten cents in favor of one J. B. Massieu.

The judge justifies his refusal on the following grounds :

*First*—Because, in January, 1872, on motion of relators, they were ordered to retain in their hands the sum of twelve thousand dollars, and distribute the balance held by them as executors of Charles Massieu, deceased, as shown by their final account, among the several legatees *pro rata*.

*Second*—Because, when the rule of said J. B. Massieu for an execution came on for trial, the relators made no defense thereto, though duly cited.

*Third*—Because, in the argument for a new trial of said rule, counsel for relators claimed two credits, amounting to fourteen hundred dollars, to which counsel for J. B. Massieu assented, and offered to have the credit entered of record on the judgment, which entry was opposed by said executors, and hence not made in that form.

*Fourth*—Because said judgment for an execution .personally against said executors became final, and execution issued thereon against them on the eleventh of June, 1872, for only the balance acknowledged by them to be due after allowing the said two credits, being all the credits ever claimed by them, and under the *fieri facias* demand was made by the sheriff before this application for a mandamus.

*Fifth*—Because the original judgment in favor of said Massieu for the sum of eight thousand dollars was a legal confession, having been placed by said executors on their account, annexed to their petition, and on their own motion having been homologated—the sum of three thousand and fifty dollars and ten cents is the result of a calculation from that—after setting aside twelve thousand dollars to await the judgment on a claim in suit ; and this sum is still further reduced by the two credits above mentioned.   And as there is no difference between the amount claimed by the said J. B. Massieu and that admit-

State ex rel. de Feriet and Monrose, Executors, v. The Judge of the Second District Court.

ted by the executors to be due him, no appeal lies, and this application is made solely for delay.

It seems from the record that the application for a suspensive appeal from the judgment on the rule in question was made within the legal delay, and that the executors did claim that a less sum was due to the said J. B. Massieu than was allowed and ordered to be collected on execution. The plaintiff in the said rule having admitted that his rule was made absolute for a larger amount than was really due him, and having directed execution to issue for the amount thus admitted, it is possible that other errors exist, as contended by the relators, and that they have been condemned to pay more than said Massieu is entitled to demand of them as executors. They therefore have the right to have the action of the lower court in said proceedings reviewed on appeal. We can not consider the account, in connection with the subsequent proceedings, as a confession of judgment for the sum claimed in the rule taken by Massieu.

It is therefore ordered that the mandamus herein be made peremptory.